UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | : | |
| TATYANA A. BERMAN, | : | Chapter 7 |
| Debtor | : | No. 04-45436 |
| _____ | : | |
| DAVID M. NICKLESS, | : | |
| Trustee | : | |
| v. | : | A.P. No. 05-04225 |
| AMALIA KESSLER, | : | |
| JOHN DOES 1-3 | : | |
| Defendants | : | |
| _____ | : | |

**MEMORANDUM OF DECISION ON REQUESTS FOR CERTIFICATION FOR DIRECT APPEAL TO FIRST CIRCUIT COURT OF APPEALS**

On two occasions in the last several weeks the Court has been asked to certify a matter for direct appeal to the First Circuit Court of Appeals ("Court of Appeals"). In a pleading entitled Motion for Relief from Stay and Mandatory Absentation [sic] Under Probate Exception [Docket #370] and again at the hearing on said Motion on December 8, 2006, the Court was asked to certify for direct appeal the Court's denial of said Motion.[1] Then again on December 28, 2006, orally at a hearing on the Trustee's Motion for Sanctions for Willful Violation of the Automatic Stay and For Violation of This Court's Order of December 11, 2006 [Docket #397], the Court was asked to certify for direct appeal its granting of the Trustee's Motion.[2] In both instances, the request was made by the same persons, Amalia Kessler ("Kessler") and Sam Abbas ("Abbas") and in both instances, the request was denied orally on the record.[3] See 12/08/06 Transcript, p. 53, Docket #390;

---

[1] To the Court's knowledge, no appeal of the order denying the Motion for Relief [Docket #383] or the supplemental order dated December 11, 2006 [Docket #387] has been taken.
[2] There is an appeal of the order granting the Trustee's Motion [Docket #404, 407].
[3] No reasons supporting these requests were proffered to the Court. The Motion for Relief merely stated "*Denial of this motion which is likely knowing the jurist pecuniary interests the movants pursuant to rules*

12/28/06 Transcript, p. 22, Docket #416. These pro se litigants[4] have suggested or inferred on the record that this Court is somehow denying them a fundamental right to direct appeal, and thus a more formal explanation of the Court's decision may be helpful to the parties.

28 U.S.C. § 158(d)(2) was added by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") effective April 20, 2005. Under Section 158(d)(2), certification by the bankruptcy court is required if a request is made by a "majority of the appellants *and* a majority of the appellees (if any)." 28 U.S.C. § 158(d)(2)(B)(ii) (West 2006) (emphasis added). That is clearly not the case here. Certification is also required if the court, "acting on its own motion *or* on the request of a party," determines that:

> **(i)** the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> **(ii)** the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> **(iii)** an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken; and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.
> § 158(d)(2)(A)(i)-(iii)-(B) (emphasis added).

Based on the record before the Court in the two matters referenced above, the Court is unable to make the requisite findings necessary to certify their direct appeal to the Court of Appeals. The Court does not find that any of the circumstances enumerated in clause (i), (ii), or (iii) exist here. *See* 12/08/06 Transcript p. 53; Docket #390. It is important to note that the Court of Appeals, *in all instances* must authorize any direct appeal under one of these sections. § 158(d)(2)(A)(iii); *In re McKinney*, 457 F.3d 623, 624 (7th Cir. 2006) (stating that Section 158(d)(2) "permits a direct appeal from the bankruptcy court to the court of appeals if both courts agree"). Although the Court may want to certify these matters to the Court of Appeals in the hope that Kessler and Abbas would abide by an order of that court, since

---

*8000 of the federal rules of bankruptcy procedure requests a direct appeal."* Docket #370, p. 7, ¶14. At the 12/8/06 hearing, the Court addressed the issue *sua sponte* because of the request in the Motion. 12/8/06 Transcript, p. 53, Docket #390. At the 12/28/06 hearing, Abbas stated only that *"We request a direct appeal, like we did last time…you have to certify that."* 12/28/06 Transcript, p. 22, Docket #416.

[4] The Court has urged these parties on several occasions to engage counsel. *See, e.g.,* Docket #57, 390. In fact, Kessler was previously represented by Charles Dougherty of Foley & Lardner, LLP, and more recently, by Daniel Glosband of Goodwin Procter, LLP, but her utter refusal to heed counsels' advice led to their eventual withdrawals. *See, e.g.,* Docket #389.

they disregard the orders of this one[5], that in itself is not enough to satisfy the standard set forth in Section 158(d)(2).

The Bankruptcy Court is not the final gatekeeper of this direct appeal process. On its face Section 158(d)(2) does not prohibit a party to a properly filed appeal from seeking certification from the Bankruptcy Appellate Panel or the District Court.

Entered at Worcester, Massachusetts, this 5th day of January, 2007.

By the Court,

Joel B. Rosenthal
United States Bankruptcy Judge

---

[5] *See* this Court's decision of even date, entitled Memorandum of Decision on Motion of David M. Nickless for Sanctions for Willful Violation of the Automatic Stay and For Violation of This Court's Order of December 11, 2006.